Rule 4.2    Political and Campaign Activities of Judicial Candidates in Public Elections

…

(B)    A candidate for elective judicial office may, unless prohibited by law, and not earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office:

(1)    establish a campaign committee pursuant to the provisions of Rule 4.4;

(2)    speak on behalf of his or her candidacy through any medium, including but not limited to advertisements, websites, or other campaign literature;

(3)    publicly endorse or speak on behalf of, or publicly oppose or speak in opposition to, candidates for the same judicial office for which he or she is a judicial candidate, [or] publicly endorse or speak on behalf of candidates for any other elective judicial office appearing on the same ballot, **or publicly endorse or speak on behalf of candidates for the office of magisterial district judge within the same judicial district**;

(4)    attend or purchase tickets for dinners or other events sponsored by a political organization or a candidate for public office;

(5)    seek, accept, or use endorsements from any person or organization;

(6)    contribute to a political organization or candidate for public office;

(7)    identify himself or herself as a member or candidate of a political organization; and

(8)    use court facilities for the purpose of taking photographs, videos, or other visuals for campaign purposes to the extent such facilities are available on an equal basis to other candidates for such office.

…

***Comment***

*General Considerations*

[1]    Paragraphs (B) and (C) permit judicial candidates in public elections to engage in some political and campaign activities otherwise prohibited by Rule 4.1. Candidates may not engage in these activities earlier than immediately after the General

Election in the year prior to the calendar year in which a person may become a candidate for such office.

[2]     Despite paragraph (B) and (C), judicial candidates for public election remain subject to many of the provisions of Rule 4.1. For example, a candidate continues to be prohibited from soliciting funds for a political organization, knowingly making false or misleading statements during a campaign, or making certain promises, pledges, or commitments related to future adjudicative duties. See Rule 4.1(A), paragraphs (4) and (12), and Rule 4.2(C), paragraph (3).

[3]     In public elections for judicial office, a candidate may be nominated by, affiliated with, or otherwise publicly identified or associated with a political organization, including a political party. This relationship may be maintained throughout the period of the public campaign, and may include use of political party or similar designations on campaign literature and on the ballot.

[4]     Judicial candidates are permitted to attend or purchase tickets for dinners and other events sponsored by political organizations.

[5]     For purposes of paragraph (B)(3), candidates are considered to be a candidate for the same judicial office if they are competing for a single judgeship or for one of several judgeships on the same court to be filled as a result of the election. In endorsing or opposing another candidate for a position on the same court, a judicial candidate must abide by the same rules governing campaign conduct and speech as apply to the candidate's own campaign. **Additionally, the phrase "candidates for any other elective judicial office appearing on the same ballot" means candidates who appear together on the paper ballot or, in the case of electronic voting terminals, appear together on the electronic ballot.  However, candidates for magisterial district judge may publicly endorse or speak on behalf of other candidates for magisterial district judge within the same judicial district, as defined by 42 Pa.C.S. § 901(a).  *Cf.*, Code of Judicial Conduct, Rule 4.2(B)(3).**

*Statements and Comments Made During a Campaign for Judicial Office*

[6]     Judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees. Paragraph (C)(3) obligates candidates and their committees to refrain from making statements that are false or misleading, or that omit facts necessary to make the communication considered as a whole not materially misleading.

[7]     Judicial candidates are sometimes the subject of false, misleading, or unfair allegations made by opposing candidates, third parties, or the media. For example, false or misleading statements might be made regarding the identity, present position,

2

experience, qualifications, or judicial rulings of a candidate. In other situations, false or misleading allegations may be made that bear upon a candidate's integrity or fitness for judicial office. As long as the candidate does not violate paragraphs (C)(3) or (C)(4), or Rule 4.1, paragraph (A)(12), the candidate may make a factually accurate public response. In addition, when an independent third party has made unwarranted attacks on a candidate's opponent, the candidate may disavow the attacks, and request the third party to cease and desist.

[8]     Subject to paragraph (C)(4), a judicial candidate is permitted to respond directly to false, misleading, or unfair allegations made against him or her during a campaign, although it is preferable for someone else to respond if the allegations relate to a pending case.

[9]     Paragraph (C)(4) prohibits judicial candidates from making comments that might impair the fairness of pending or impending judicial proceedings. This provision does not restrict arguments or statements to the court or jury by a lawyer who is a judicial candidate, or rulings, statements, or instructions by a judge that may appropriately affect the outcome of a matter.